UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

ALANE BARSTOW,
W5167 County Road 346
Wallace, MI 49893

    Plaintiff,

               Case No.   25-cv-630

vs.

UNUM LIFE INSURANCE COMPANY OF AMERICA,
Registered Agent:
Corporation Service Company
8040 Excelsior Drive, Suite 400
Madison, WI 53717

    Defendant.

## COMPLAINT

The Plaintiff, Alane Barstow, by Hawks Quindel, S.C., for her complaint against the above-named Defendant, hereby states as follows:

### PARTIES

1. Plaintiff is an adult resident of the State of Michigan and currently resides in Wallace, Michigan.

2. Plaintiff formerly worked in Wisconsin at Peshtigo National Bank.

3. Defendant, Unum Life Insurance Company of America, on information and belief is a corporation organized under the laws of Maine, licensed to do business in Wisconsin.

01079188

4. On information and belief, Defendant administers and insures a long-term disability insurance plan for Peshtigo National Bank (the Plan), an employee welfare benefit plan subject to ERISA as amended, that has been in effect since at least January 1, 2020 and continues to the present time.

## JURISDICTION & VENUE

5. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B).

6. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

7. Venue is proper in the Eastern District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because Defendant "may be found" in this district based on the location of their Milwaukee field office.

8. Plaintiff's administrative remedies have been exhausted as a condition precedent to filing this action.

## FACTS

9. Plaintiff is a former Customer Service Representative for Peshtigo National Bank.

10. During the course of Plaintiff's employment, Plaintiff became eligible for certain employee benefits, including the long-term disability (LTD) coverage provided by the Plan.

11. Plaintiff ceased working on or about March 4, 2022 due to her medical conditions.

12. Plaintiff's medical conditions include hepatic cirrhosis due to primary biliary cholangitis, esophageal varices, reactive airway disease, primary osteoarthritis, Sjogren's syndrome with keratoconjunctivitis sicca, thrombocytopenia, leukopenia, hypothyroidism, and depression.

13. Plaintiff subsequently applied for LTD benefits with Defendant.

14. Defendant paid Plaintiff's LTD benefits from June 2, 2022 until April 26, 2024.

15. Plaintiff's gross LTD benefit is worth approximately $1,820.00 per month.

16. Plaintiff has been awarded SSDI benefits.

17. The Social Security Administration determined that Plaintiff was disabled based on the same medical issues that constitute Plaintiff's claim for LTD benefits.

18. After Plaintiff was awarded SSDI benefits, Defendant offset Plaintiff's LTD benefit by $1,164.10 per month, resulting in a net LTD benefit of approximately $656.00 per month.

19. Defendant was responsible for determining whether Plaintiff was eligible for LTD benefits.

20. Defendant was responsible for paying Plaintiff's LTD benefits.

21. Defendant denied Plaintiff's LTD benefits claim beyond April 26, 2024, stating that Plaintiff was able to perform the duties of her own occupation.

22. Plaintiff timely appealed Defendant's denial of Plaintiff's benefits claim.

23. Upon reviewing Plaintiff's appeal, Defendant approved benefits through the end of the own occupation period (up to June 1, 2024) but continued to deny benefits thereafter and during the any occupation period of disability.

24. Plaintiff submitted complete medical documentation in support of Plaintiff's disability as part of the appeal.

25. Plaintiff submitted all information requested by the Defendant.

26. Defendant failed to consider the issues raised in Plaintiff's appeal.

27. Defendant ignored clear medical evidence of Plaintiff's medical conditions and disability.

28. Defendant did not perform a "full and fair review" of Plaintiff's claim.

29. Defendant failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect Plaintiff's claim and an explanation of why that material was necessary.

30. Defendant failed to adequately explain why it rejected specific evidence in Plaintiff's file.

31. Defendant failed to engage in a meaningful dialogue with Plaintiff.

32. Defendant failed to adequately explain its reasons for denying Plaintiff benefits.

33. Defendant conducted a selective review of Plaintiff's medical records.

34. Defendant failed to adequately assess Plaintiff's employability before determining that Plaintiff is not sufficiently disabled to qualify for benefits.

35. At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

36. At all times material to this case, the Plan has remained in full force and effect.

37. Defendant's denial of Plaintiff's claim for LTD benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

### FIRST CAUSE OF ACTION:
### DENIAL OF BENEFITS IN VIOLATION OF
### SECTION 502(a)(1)(B) OF ERISA

38. The preceding paragraphs are reincorporated by reference as though set forth here in full.

39. Plaintiff has been and remains disabled, as that term is defined by the Plan.

40. Defendant's decision to deny Plaintiff's benefits was incorrect, as well as arbitrary and capricious.

41. Defendant interpreted and applied the terms and conditions of the Plan in a manner that is inconsistent with the plain language contained therein.

42. Upon information and belief, Defendant inconsistently interpreted the terms and conditions of the Plan from one case to the next.

43. As both the payer of claims and the adjudicator of LTD claim eligibility, Defendant has an inherent conflict of interest.

44. The Plan provides for the offsetting of Plaintiff's SSDI benefits against Plaintiff's LTD benefits. As such, Defendant relied on Plaintiff's SSDI award in instances when it benefited Defendant but unreasonably ignored Plaintiff's SSDI disability determination in denying Plaintiff's claim for LTD benefits.

45. Defendant's denial of Plaintiff's LTD benefits was "downright unreasonable."

46. For these and other reasons, Defendant wrongfully denied Plaintiff's claim for LTD benefits and Plaintiff is entitled to said benefits pursuant to § 502(a)(1)(B) of ERISA.

**WHEREFORE** the Plaintiff, Alane Barstow, demands judgment from the Defendant for the following:

A. Payment of all retroactive LTD benefits owed to Plaintiff under the terms and conditions of the Plan;

B. A declaration of Plaintiff's continued eligibility for all LTD benefits under the Plan;

C. Prejudgment interest;

D. Reasonable attorney's fees and costs related to the action; and

E. Such other and further relief that the Court deems just and equitable.

Dated: April 30, 2025.

By: *s/ Jessa L. Victor*
Jessa L. Victor
WI State Bar No. 1099144
Brook E. Tylka
WI State Bar No. 1126886
Email: jvictor@hq-law.com
Email: btylka@hq-law.com
409 East Main Street
P.O. Box 2155
Madison, Wisconsin 53701-2155
Telephone: 608/257-0040